SUAU, EX PARTE, PETICIONARIO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo en procedimiento sobre autorización judicial para vender bienes y pagar deudas de la herencia.

No. 2029.—Resuelto en diciembre 23, 1919.

ALBACEA—FACULTADES DEL ALBACEA—VENTA DE BIENES POR EL ALBACEA.—Cuando del testamento no aparece claramente que el testador confirió al albacea la

facultad de vender bienes para pago de deudas, si el albacea desea ejercitar tal facultad, debe colocarse en las condiciones de un administrador judicial mediante gestión ajustada a derecho.

Los hechos están expresados en la opinión.

Abogado del peticionario apelante: *Sr. José D. Rodríguez.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La Corte de Distrito de Arecibo dictó resolución en la que se expresa que Bernardo Suau Ballester como albacea testamentario de Ignacio Sorondo presentó una petición a la corte solicitando permiso para vender los bienes muebles y el inmueble que se menciona en la petición, ascendiendo dichos bienes a la suma de $2,909, con el fin de pagar las deudas también relacionadas en la solicitud.

La corte pasa a declarar que por cuanto en la cláusula octava del testamento de dicho Sorondo solamente se conferían al albacea las facultades determinadas en el Código Civil y la de posesionarse y administrar los bienes mientras se halla la herencia yacente y cobrar sumas, dando y recibiendo recibos y cartas de pago sin que se le haya conferido facultad de pagar deudas ni vender bienes de ninguna clase, para tener las facultades sería preciso que expresamente le hubieren sido conferidas; y por cuanto dicho albacea no se halla constituído en administrador judicial como se ha indicado en el caso de *Sucesión Criado* v. *Martínez*, 25 D. P. R. 334, que por tanto la solicitud debe ser desestimada.

La petición cita un número de documentos que acompañan a la misma como pruebas, incluyendo el testamento en cuestión. Estas pruebas no han sido certificadas a este tribunal en ninguna forma. No tenemos oportunidad de ver el testamento o los demás documentos que se presentaron a la corte inferior. Por tanto no tenemos facultad para revocar la sentencia por este fundamento.

De todos modos y con el fin de evitar toda discusión, no apareciendo claramente la autorización conferida por el tes-

tamento para vender bienes, creemos que sería mejor para el apelante si quiere hacer uso de las facultades que al administrador judicial confiere el artículo 46 de la Ley de Procedimientos Legales Especiales, colocarse en las condiciones de tal administrador judicial mediante gestiones ajustadas a derecho.

La sentencia debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.